IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| NEIL QUINTIS PRICE, AIS # 201526, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:25-CV-353-WKW |
| ) | [WO] |
| KILBY CORRECTIONAL FACILITY, ) | |
| *et al.*, ) | |
| ) | |
| Defendants. ) | |

**<u>ORDER</u>**

Plaintiff Neil Quintis Price filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 (Doc. # 1) and simultaneously filed an application to proceed *in forma pauperis* (Doc. # 2). By Order dated July 16, 2025 ("July 16 Order"), Plaintiff's application to proceed *in forma pauperis* was granted, and Plaintiff was ordered to pay $12.50 as an initial partial filing by August 6, 2025. (Doc. # 10 at 2.) The July 16 Order warned Plaintiff that his failure to pay the initial partial filing fee would result in a recommendation this his case be dismissed. (Doc. # 10 at 3.)

Because Plaintiff failed to pay the initial partial filing fee as directed, the court issued a show-cause Order on November 4, 2025 ("November 4 Order"). (Doc. # 12.) The November 4 Order warned that Plaintiff's failure to comply would ultimately result in dismissal and directed Plaintiff to pay the filing fee or show cause

by November 25, 2025, as to why his action should not be dismissed for failure to prosecute and comply with court orders. (Doc. # 12.)

To date, Plaintiff has neither paid the initial partial filing nor shown cause as to why this action should not be dismissed for failure to prosecute and comply with court orders. Because Plaintiff failed to comply with the July 16 and November 4 Orders, this action will be dismissed without prejudice.

A district court "may dismiss a case under its inherent authority, which it possesses as a means of managing its own docket so as to achieve the orderly and expeditious disposition of cases." *McNair v. Johnson*, 143 F.4th 1301, 1306–07 (11th Cir. 2025) (cleaned up). The authority of courts to impose sanctions for failure to comply with court orders and failure to prosecute is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962); *see also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (noting that "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion").

A court's dismissal under its inherent authority "can be either with or without prejudice to refiling." *McNair*, 143 F.4th at 1306. Dismissal with prejudice as a sanction "is warranted only upon a 'clear record of delay or willful contempt and a finding that lesser sanctions would not suffice.'" *Mingo v. Sugar Cane Growers Co-*

*Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (per curiam) (emphasis omitted) (quoting *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985)); *accord McNair*, 143 F.4th at 1306. "A dismissal *without* prejudice, by contrast, doesn't require a finding of willfulness or bad faith because its consequences are less severe." *McNair*, 143 F.4th at 1306.

In this instance, Plaintiff has not complied with the July 16 and November 4 Orders, despite their express directives and warnings. Consequently, this action will be dismissed without prejudice. Although not required for such a dismissal, the court finds a clear record of delay, given the extended period of noncompliance and the notice provided. It further concludes that no lesser sanction than dismissal would be effective. *See id.*

Based on the foregoing, it is ORDERED that this action is DISMISSED without prejudice.

Final Judgment will be entered separately.

DONE this 16th day of December, 2025.

                                          /s/ W. Keith Watkins
                                  UNITED STATES DISTRICT JUDGE